**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ALICIA BENITEZ VALENCIA; JOSE VAZQUEZ BENITEZ; DULCE VAZQUEZ BENITEZ; JAZMIN VAZQUEZ BENITEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-311 <br><br> Agency Nos. <br> A206-269-342 <br> A206-269-343 <br> A206-269-345 <br> A206-269-344 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2023**
San Francisco, California

Before: BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

Alicia Benitez Valencia and her three children ("Petitioners"), natives and

citizens of Mexico, petition for review of a decision of the Board of Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appeals ("BIA") dismissing their appeal of the denial by an Immigration Judge ("IJ") of their applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We deny the petition.

Before the BIA, Petitioners argued only that the IJ erred by ignoring their credible testimony that they feared going back to Mexico due to gang violence. To establish a claim for asylum or eligibility for withholding of removal, applicants must show past or feared persecution on account of "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1158(b)(1)(B)(i) (asylum); 8 U.S.C. § 1231(b)(3)(A) (withholding of removal). Asylum and withholding of removal are not available to "victims of indiscriminate violence, unless they are singled out on account of a protected ground." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151 (9th Cir. 2010). Petitioners failed to show that a statutorily protected ground was the basis for any past or feared harm. Accordingly, substantial evidence supports the BIA's conclusion that Petitioners are not eligible for asylum or withholding of removal.

Petitioners did not challenge at the BIA the IJ's findings regarding their particular social group, their membership in such group, or its connection to past or feared persecution. Accordingly, they did not exhaust their administrative remedies

as required by 8 U.S.C. § 1252(d)(1). Accordingly, we do not consider those claims. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *cf. Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023) (holding that 8 U.S.C. § 1252(d)(1) is not jurisdictional but is a mandatory claims-processing rule).

**PETITION DENIED.**